NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

MICHELLE MCCARVILLE, et al., *Plaintiffs/Appellants*,

*v.*

MICHAEL CARLTON, M.D. and JANE DOE CARLTON, his wife,
*Defendants/Appellees*.

No. 1 CA-CV 22-0536
FILED 6-6-2023

---

Appeal from the Superior Court in Maricopa County
No. CV2018-053277
The Honorable Sally Schneider Duncan, Judge (Retired)

**AFFIRMED**

---

COUNSEL

Ahwatukee Legal Office, P.C., Phoenix
By David L. Abney
*Co-Counsel for Plaintiffs/Appellants*

O'Steen & Harrison, PLC, Phoenix
By C. Lincoln Combs
*Co-Counsel for Plaintiffs/Appellants*

The Kennedy Firm, Dallas, Texas
By Kirk Kennedy
*Co-Counsel for Plaintiffs/Appellants*

Jennings, Strouss & Salmon, P.L.C., Phoenix
By Richard K. Delo, R. Ryan Womack, Brian Imbornoni,
Alexander J. Egbert
*Counsel for Defendants/Appellees*

---

**MEMORANDUM DECISION**

---

Presiding Judge Maria Elena Cruz delivered the decision of the Court, in which Judge James B. Morse Jr. and Judge Daniel J. Kiley joined.

---

**C R U Z**, Judge:

¶1 Plaintiffs Michelle McCarville and Kirk Kennedy ("the Parents") appeal the superior court's orders granting the motion to dismiss filed by Jane Doe Carlton and Michael Carlton, M.D. (collectively "Dr. Carlton"); denying their motion to set aside the judgment and requesting a new trial; and entering judgment in favor of Dr. Carlton. We affirm.

**FACTUAL AND PROCEDURAL HISTORY**

¶2 While providing substance abuse treatment to Cameron, Dr. Carlton prescribed him a daily dose of methadone to be taken at the clinic and one weekly dose to be taken at home. In September 2016, Appellants' daughter, Rachel, visited Cameron, ingested his methadone take-home dose, and died sometime during the night. The medical examiner's report, prepared just two days after Rachel's death, revealed Rachel died from acute alcohol and methadone intoxication.

¶3 In September 2018, just two days before the two-year mark from Rachel's death, the Parents filed a wrongful death action against Dr. Michael Ahmann and others who were treating Cameron "for addiction issues." Alleging that "the methadone clinic from which [Cameron] obtained his methadone" improperly "permit[ted] him to take the oral doses of methadone home with him for the weekend," the Parents claimed that "the methadone ingested by" Rachel the night she died "was the same drug Defendants had given to [Cameron]." By "negligently dispens[ing] take-home methadone to [Cameron]," they argued, the defendants "breached their duty of reasonable care owed to [Rachel]."

¶4 In October 2019, after filing the initial complaint and two amended complaints, the Parents moved to compel production of

Cameron's medical records and received them within five months.[1]  The Parents named Dr. Carlton as a defendant for the first time in the third amended complaint filed in February 2020.  Dr. Carlton moved to dismiss, arguing the two-year limitations period set forth in Arizona Revised Statutes ("A.R.S.") section 12-542(2) barred the Parents' claims against him. Dr. Carlton further argued, in the alternative, that the claims fail as a matter of law because he owed no duty to Rachel since she was not his patient and the two had no relationship.  The superior court granted the motion, finding both that "the claims were filed outside the applicable statute of limitations" and that "Dr. Carlton did not owe a duty to [Rachel]."  The court subsequently entered judgment in favor of Dr. Carlton.

¶5            The Parents moved to set aside the judgment and requested a new trial.  The superior court denied the motion.  The Parents timely appealed, and we have jurisdiction pursuant to A.R.S. §§ 12-2101(A)(1), (5)(a), and -120.21(A)(1).

## DISCUSSION

¶6            We review the dismissal of a claim under Arizona Rule of Civil Procedure ("Rule") 12(b)(6) de novo. *Coleman v. City of Mesa*, 230 Ariz. 352, 355, ¶ 7 (2012).  "Dismissal is appropriate under Rule 12(b)(6) only if as a matter of law . . . plaintiffs would not be entitled to relief under any interpretation of the facts susceptible of proof."  *Id.* at 356, ¶ 8 (citation and internal quotation marks omitted).  Courts "look only to the pleading itself" when ruling on a Rule 12(b)(6) motion and "must assume the truth of all well-pleaded factual allegations and indulge all reasonable inferences from those facts . . . ."  *Id.* at ¶ 9 (citation and internal quotation marks omitted).

¶7            The Parents argue the superior court erred by finding their claims against Dr. Carlton untimely and, therefore, barred by the statute of limitations in A.R.S. § 12-542(2).  "The accrual of the cause of action and the interpretation of a statute of limitations are legal questions, which we review de novo."  *Mertola, LLC v. Santos*, 244 Ariz. 488, 490, ¶ 8 (2018).

¶8            "As a general matter, a cause of action accrues, and the statute of limitations commences, when one party is able to sue another." *Gust, Rosenfeld & Henderson v. Prudential Ins. Co. of Am.*, 182 Ariz. 586, 588 (1995). In wrongful death actions, the discovery rule tolls the statute of limitations "until the plaintiff possesses a minimum knowledge sufficient to recognize that a wrong occurred and caused injury." *Ritchie v. Krasner*, 221 Ariz. 288,

---

[1]        Only the Parents' claims against Dr. Carlton are at issue here.

304, ¶ 57 (App. 2009) (citation and internal quotation marks omitted). Generally, the plaintiff must know both the "what" and "who" elements before the statutory period begins running. *Lawhon v. L.B.J. Institutional Supply, Inc.*, 159 Ariz. 179, 183 (App. 1988). "The discovery rule, however, does not permit a party to hide behind its ignorance when reasonable investigation would have alerted it to the claim." *Elm Ret. Ctr., LP v. Callaway*, 226 Ariz. 287, 290, ¶ 12 (App. 2010). A plaintiff "may not have been aware of all the facts but is charged with a duty to investigate with due diligence to discover the necessary facts." *Doe v. Roe*, 191 Ariz. 313, 324, ¶ 37 (1998).

**¶9**     The Parents argue the discovery rule tolled the limitations period under A.R.S. § 12-542(2) until they discovered Dr. Carlton's identity, and they, therefore, timely brought their claims against him in February 2020. But the medical examiner's September 2016 report stating Rachel died from ingesting prescription methadone and alcohol should have put the Parents on notice that a wrong may have occurred and it caused injury. *See Ritchie*, 221 Ariz. at 304, ¶ 57. Moreover, the original complaint that the Parents filed in October 2018 reflects their awareness, at that time, that the methadone Rachel ingested had been prescribed to Cameron in connection with treatment he was receiving for addiction issues. Although the Parents had not yet discovered Dr. Carlton's identity, the knowledge gained from the medical examiner's report that their daughter's death was attributable, at least in part, to the ingestion of methadone triggered their affirmative duty to investigate the identity of the prescribing physician. *See Elm Ret. Ctr., LP*, 226 Ariz. at 290, ¶ 12; *see also Doe*, 191 Ariz. at 324, ¶ 37.

**¶10**     The Parents claim from the time Rachel died they were "diligent in trying to discover the facts and circumstances surrounding [their] daughter's death," but nothing in the record shows the Parents used any available methods to attempt to identify Dr. Carlton during the more than three years between the medical examiner's September 2016 report and the Parents' October 2019 motion to compel production of Cameron's medical records. The Parents do not allege they were prevented from learning the medical examiner's report's contents when it was first released two days after Rachel's passing, and they do not deny knowing in September 2016 that she died after ingesting a drug that had been prescribed for Cameron. Instead, the Parents admit that in "the immediate aftermath of Rachel's death," they chose to "focus[]" on Cameron, not on attempting to identify his prescribing physician.

**¶11**     Section 12-542(2) provides that an action "[f]or injuries done to the person of another when death ensues from such injuries" shall be

commenced "within two years after the cause of action accrues." The Parents waited to file the initial complaint until just days before the statutory limitations period ran, and they waited over another year before moving to compel production of Cameron's medical records, in hopes of identifying Dr. Carlton. But their efforts to determine the prescribing physician's identity, via a motion to compel production, yielded positive results in a matter of five months. Had the Parents investigated Dr. Carlton's identity with due diligence and used any available legal methods in a timely fashion, they would have had more than adequate time to discover Dr. Carlton's identity sooner than three and one-half years after Rachel's death.

¶12        From the time the Parents became aware that a combination of methadone and alcohol caused Rachel's death in September 2016, they possessed the minimum requisite knowledge to begin the statutory limitations period in § 12-542(2) and trigger their duty to investigate with due diligence. *See Ritchie*, 221 Ariz. at 304, ¶ 57. They did not name Dr. Carlton as a defendant until February 2020, almost three and one-half years later. The superior court correctly found the Parents' claims against Dr. Carlton were untimely and filed outside the limitations period set forth in § 12-542(2).

¶13        The Parents argue the "trial court's good-cause determination" allowing them to file the February 2020 third amended complaint which named Dr. Carlton as a defendant "end[s] any statute-of-limitations defense." The Parents fail to provide any analysis or citations to relevant legal authority for the proposition that a trial court's grant of a joint stipulated motion for leave to file a complaint is determinative of any statute of limitations defenses that may be raised once the new party joins the litigation. *See* ARCAP 13(a)(7).

¶14        Having decided the superior court correctly found the Parents' claims against Dr. Carlton untimely and barred by the statute of limitations in A.R.S. § 12-542(2), we need not reach the remaining issues of duty of care raised by the Parents.

## CONCLUSION

**¶15**      We affirm.  The Parents request their attorneys' fees and costs on appeal pursuant to A.R.S. §§ 12-331, -341, and -342.  They are not the successful parties on appeal, and we deny their request.  As the prevailing party, Dr. Carlton is entitled to his costs on appeal, upon compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:    AA